UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL NO. 13-39 |
| VERSUS | JUDGE ELIZABETH ERNY FOOTE |
| RICKEY NIKKI BEENE | MAGISTRATE JUDGE MARK L. HORNSBY |

### MEMORANDUM ORDER

Before the Court is the Government's motion to reinstate the Defendant's judgment of conviction. [Record Document 106]. The Defendant, Rickey Nikki Beene ("Beene"), opposes the Government's motion. [Record Document 108]. For the reasons that follow, the Government's motion is **DENIED**.

Because the parties are well aware of the procedural history of this case, the Court will recount only the details pertinent to the instant inquiry. The Fifth Circuit vacated this Court's original suppression ruling, which had granted in part and denied in part Beene's motion to suppress. See Record Document 96. The Fifth Circuit then remanded the matter to this Court for further proceedings. Id. On remand, this Court once again granted in part[1] and denied in part Beene's motion to suppress, though the denial was premised on different legal grounds than those set forth in its original ruling. That is, for the first time, the Court analyzed whether exigent circumstances existed to permit the warrantless search of Beene's vehicle.

---

[1] The motion to suppress the evidence seized from the Beene residence was previously granted by the Court and that conclusion was undisturbed by the new suppression ruling.

The Court held that exigent circumstances did exist and accordingly denied Beene's motion to suppress the evidence seized from his vehicle.

Following that ruling, Beene's counsel represented that Beene wished to enter a guilty plea. However, the Government filed the instant motion seeking to have Beene's judgment of conviction reinstated, reasoning that reinstatement is required because the Court ultimately denied the motion to suppress the evidence seized from the vehicle, just as it did in the original suppression ruling. The Government submits that "in accordance with the Fifth Circuit Mandate," this Court must reinstate the conviction, rather than allow a new guilty plea or sentencing hearing. Record Document 106-1, p. 2.

Beene opposes the Government's motion and argues that, based on the Fifth Circuit's opinion, he should be returned to the position he was in before he pled guilty. Beene agrees that this Court has the power to simply reinstate the conviction, but he asserts the Court is not required to do so in the absence of an express mandate. The Court agrees with Beene.

The Government's authority for its position rests on cases which are inapposite and thus unpersuasive. Indeed, all of the jurisprudence cited by the Government involves circumstances in which the Fifth Circuit expressly directed a lower court to reinstate a defendant's conviction if, on remand, the lower court denied the motion to suppress. See United States v. Guzman, 739 F.3d 241, 248-49 (5th Cir. 2014) (Guzman I) ("If [on remand], the court again denies Guzman's motion to suppress, it shall reinstate the conviction and sentence, and Guzman could then appeal."); United States v. Guzman, 614 F. App'x 745, 746 (5th Cir. 2015) (Guzman II) (finding, in light of an express mandate to the lower court, that lower court did not err in reinstating Guzman's conviction); United States v. Cherry, 759 F.2d

1196, 1212 (5th Cir. 1985) ("If the district court determines that Cherry's consent to . . . search was voluntary . . . and untainted. . ., the judgment must be reinstated."); United States v. Robinson, 625 F.2d 1211, 1221 (5th Cir. 1980) ("If the district court finds Markonni 'seized' Robinson without a reasonable suspicion of criminal activity and that Robinson's consent to search was tainted by the illegal seizure, it must suppress the evidence and discharge the defendant.  If it finds that the seizure, if any, was lawful, or that the consent to search was not tainted, the original sentence must be reinstated."); United States v. Wilson, 569 F.2d 392, 397 (5th Cir. 1978) ("If the District Court finds that the Wong Sun taint had not been dissipated, it will suppress the evidence and discharge the defendant.  If it finds that the taint had in fact been dissipated, the original sentence will be reinstated.")

The primary and crucial distinction between Beene's case and those cited above is the absence of an explicit directive from the Fifth Circuit.  Indeed, when vacating the Court's suppression ruling, the Fifth Circuit stated "[t]he conviction and sentence are VACATED, and the case is REMANDED for further proceedings consistent with this opinion."  Record Document 96.  The Government has cited no case, nor has the Court's own research located one, directly on point with the instant case-- one in which the Fifth Circuit has held that reinstatement is required even in the absence of specific language in its own mandate.

Plainly, the Fifth Circuit knows how to include specific directives to lower courts regarding reinstatement of a defendant's conviction.  In this case, that directive is clearly absent.   There is no instruction, nor even a suggestion, of how this Court should proceed upon denial of Beene's motion to suppress.  Without this language, the Court does not find

that reinstatement is required or "expected," as the Government submits, for the simple reason that the mandate does not contain the language necessary to reach such a conclusion.

The Court's conclusion is bolstered by the fact that the suppression ruling following remand did not "reaffirm" the original ruling, as the Government suggests, but instead denied the motion to suppress the evidence seized from the vehicle on grounds completely different than those urged and considered previously. Thus, this Court did not reaffirm its prior ruling. It analyzed issues anew and reached a conclusion legally distinct from its original holding-- one which nonetheless resulted in the denial of Beene's motion to suppress the evidence seized from his vehicle. This may be a nuanced distinction, but it is a significant one in the Court's view.

The Court agrees that Beene should resume the procedural posture he maintained prior to his entry of a guilty plea, and he should be allowed to plead anew, if that is still his intention.

Accordingly, for the foregoing reasons, **IT IS ORDERED** that the Government's motion to reinstate Beene's judgment of conviction [Record Document 106] be and is hereby **DENIED**. The parties must contact this Court by **January 20, 2017** to either schedule a guilty plea or schedule a conference to set this case for trial.

**THUS DONE AND SIGNED** this ___11th___ day of January, 2017.

_____
ELIZABETH E. FOOTE
UNITED STATES DISTRICT COURT